FILED
Jun 02, 2026
01:21 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| David Simmons | Docket No. 2025-80-6051 |
| v. | State File No. 860301-2025 |
| Konrad Construction, et al. | |

Appeal from the Court of Workers'
Compensation Claims
Allen Phillips, Judge

---

### Affirmed and Remanded

---

This interlocutory appeal involves an employee's request for medical and temporary disability benefits after he injured fingers on his right hand while working as a welder for the employer. Following the accident, he was provided authorized medical treatment and was able to return to work. Although he was laid off from the welding position at the end of the contract period, he was allowed to work with another team on the same project until a new welding project started with a different employer. In its expedited hearing order, the trial court determined the employee's testimony regarding his alleged inability to work after the accident was not credible, noting, in part, that the record contained no evidence of work restrictions related to his injuries. The court therefore denied the employee's request for temporary disability benefits but found the employee remained entitled to ongoing medical treatment for his compensable injuries with the authorized provider. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's order and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

David Simmons, employee-appellant, pro se

Richard R. Clark, Jr., Nashville, Tennessee, for the employer-appellee, Konrad Construction

**Factual and Procedural Background**

On August 11, 2025, David Simmons ("Employee") was working as a welder for Konrad Construction ("Employer") when a co-worker accidentally dropped a bundle of steel on his right hand, resulting in lacerations to his middle and ring fingers. Employee's supervisor drove him to People First Urgent & Primary Care ("People First") where Physician's Assistant Vivek Lakha saw him and sutured the lacerations. Employee was instructed to return in ten days for suture removal and was given work restrictions "until reassessment, including no heavy lifting or activities that [would] risk wound opening."

Employee testified that, after returning to restricted duty work, his symptoms worsened and he had difficulty performing tasks. On August 22, Employee returned to People First where Dr. Hamad Ahmad removed his sutures. The records from that visit reflect no "known active problems." Employee was instructed to keep adhesive strips on the wound for approximately five days, to keep the area clean and dry, and to use sun protection. No work restrictions were assigned.

On September 3, Nicholas Keller, Employer's Chief People Officer, texted Employee that his welding contract was ending and that Employee would be laid off when it expired. Employee indicated he had a new welding job arranged with a different company and requested to work with the "construction guys" until his new job began, and Employer agreed. The record reflects that Employee worked for Employer through September 12. Employer contends that Employee never asked to return to People First during the remainder of his employment and that it accommodated Employee when he said he was unable to work. Employee filed a petition for benefit determination on September 23 seeking additional medical benefits and temporary disability benefits.

In November 2025, Employee returned to People First for problems with "[right] hand function" as well as right arm/neck pain. He reported to Dr. Ahmad that his current job required "heavy work" that aggravated his symptoms. Employee was concerned that his hand was not healing properly and "is seeking further evaluation and management." Dr. Ahmad diagnosed Employee with cervical radiculopathy but, in response to a questionnaire sent by Employer in February 2026, opined that the cervical condition was not more than 50% caused by his employment with Employer. Dr. Ahmad also clarified that although Employee initially had temporary light duty restrictions of "no heavy lifting" post-injury, he had no work restrictions as of the date of his suture removal on August 22.

Thereafter, Employee filed a request for an expedited hearing. At the March 10, 2026 hearing, Employee testified that he worked for Employer post-injury but was seeking past temporary disability benefits for his reduced hours and for his alleged current inability

2

to work.[1]  On cross-examination, Employee was questioned about text messages he sent to Mr. Keller in which he indicated he had secured a new welding job even though he testified he was unable to obtain other employment because of his injuries.  Employee was also questioned about a LinkedIn profile with his photograph stating that he worked as a welder from "Sep[tember] 2025 [to] Present."  In response, Employee denied the name "Davo Simmons" as reflected on that LinkedIn page referred to him.

Jeremy Bellagraph, Employee's supervisor, testified on behalf of Employer and stated that he helped Employee obtain paid time off after Employee asked for help with his lost hours.  Mr. Keller identified an exchange of text messages with Employee and stated it was his understanding that Employee was to begin a new job after his layoff.  He confirmed that Employer had no light duty work available; however, Employee had been able to work with the construction crew on the same project for a period of time after he was laid off and had been paid his normal wage for that work.

In its order denying benefits, the court determined Employee's testimony was not credible, describing it as "flippant . . . unconvincing, off-putting, and replete with inconsistencies."  It noted Employee had denied receiving a particular text message from Mr. Keller, which it found "implausible" given that Employee had replied to the message.  The court also noted that the moniker "Davo" in the LinkedIn page is consistent with how Employee identified himself in the email address listed on his petition for workers' compensation benefits.  Further, the court emphasized that the record contained no evidence of any work restrictions related to the work accident.  Accordingly, it concluded that Employee did not come forward with sufficient evidence to indicate he is likely to prevail at trial in proving his entitlement to temporary disability benefits.  However, the court determined he was entitled to ongoing medical treatment for his finger injuries with Dr. Ahmad, the authorized treating physician.  Employee has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise.  *See* Tenn. Code Ann. § 50-6-239(c)(7) (2025).  When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court.  *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009).  However, "when it comes to deposition testimony, an appellate panel is in the same position as the trial court to make credibility determinations." *Edwards v. Peoplease, LLC*, No. W2024-01034-SC-R3-WC, 2025 Tenn. LEXIS 514, at *18 (Tenn. Dec. 22, 2025).  Thus, when medical proof is presented by deposition, "the reviewing court may draw its own conclusions about the weight and

---

[1] There is no transcript of the hearing or statement of evidence included in the record; as a result, we glean this factual information from the record and the trial court's order.

credibility of the expert testimony." *Id.* Moreover, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2025).

## Analysis

In his notice of appeal, Employee provides a summary of his claim and asserts that (1) certain evidence was not produced in discovery and, therefore, should have been inadmissible at the expedited hearing; (2) there were defects and/or evidentiary issues with the medical proof; (3) his statutory medical rights were violated; and (4) the court mischaracterized the medical evidence. Employer responds that the trial court did not err in its denial and that Employee's appeal is frivolous.

Initially, we note that neither party filed a transcript of the hearing or provided a statement of the evidence. In the absence of a transcript or statement of the evidence, "the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court." *Meier v. Lowe's Home Centers, Inc.*, No. 2015-02-0179, 2016 TN Wrk. Comp. App. Bd. LEXIS 30, at *3 (Tenn. Workers' Comp. App. Bd. July 27, 2016). Consistent with established Tennessee law, we must presume that the trial court's factual findings were supported by sufficient evidence. *See, e.g.*, *Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("[W]here no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court."); *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

The trial court also determined Employee's testimony was not credible. As we have previously explained, "When the trial court has heard in-court testimony, considerable deference must be afforded in reviewing the trial court's findings of credibility and assessment of the weight to be given to that testimony." *Sirkin v. Trans Carriers, Inc.*, No. 2015-08-0292, 2016 TN Wrk. Comp. App. Bd. LEXIS 22, at *8-9 (Tenn. Workers' Comp. App. Bd. May 9, 2016) (quoting *Tryon v. Saturn Corp.*, 254 S.W.3d 321, 327 (Tenn. 2008)). "Appellate courts will not re-evaluate a trial judge's assessment of witness credibility absent clear and convincing evidence to the contrary. In order for evidence to be clear and convincing, it must eliminate any serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hernandez v. Jones Fiber Products, LLC*, No. 2019-02-0046, 2020 TN Wrk. Comp. App. Bd. LEXIS 72, at *18-19

(Tenn. Workers' Comp. App. Bd. Dec. 28, 2020) (quoting *Kelly v. Kelly*, 445 S.W.3d 685, 692-93 (Tenn. 2014)). The trial court in this case identified inconsistencies in Employee's testimony, his medical records, and communications with Employer, copies of which were admitted into evidence, before concluding that his testimony was not credible. Employee has presented no evidence, much less clear and convincing evidence, that the trial court's credibility determinations were in error.

In Employee's briefs on appeal, he alleges a myriad of issues with the trial court's order, including "omissions in the record" and Employer's failure to provide "any meaningful ongoing [medical] evaluation or treatment for a compensable injury." Employee also asserts that the finding that he has no work restrictions is "unsupported by the record." The record before us is limited and, as noted above, we have not been provided with a transcript of the hearing. However, a review of the record on appeal does not reveal "omissions" that would constitute error on the part of the trial court in support of its order. The record also contains no evidence that Employee was assigned ongoing work restrictions by any authorized medical provider after his sutures were removed. Moreover, we note that the trial court *ordered* ongoing medical treatment for Employee's finger lacerations with the authorized treating provider.[2] Accordingly, we find no evidence to support a finding that the trial court erred in any of its determinations.

Turning to Employer's request that we deem Employee's appeal frivolous, we note that a frivolous appeal is one that is devoid of merit or brought solely for delay. *See Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016); *see also Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *15 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017). "[P]arties should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Id.* at *10-11 (internal citations omitted). Although we conclude this appeal is without merit, we exercise our discretion not to award fees or costs under the circumstances presented in this case. *See* Tenn. Comp. R. & Regs. 0800-02-22-.09(4) (2023).

## Conclusion

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal have been waived.

---

[2] Employee asserts that certain evidence is inadmissible because it was not disclosed in discovery. Once again, because there is no transcript of the hearing and no indication in the court's order that any evidentiary objection was lodged by Employee during the hearing for consideration by the trial court, we decline to address this issue in the first instance on appeal.